# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

August 2, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**TIM HOLLINGTON,**
**Claimant Below, Petitioner**

**vs.)    No. 16-0828** (BOR Appeal No. 2051194)
                    (Claim No. 2014033241)

**B E AEROSPACE, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Tim Hollington, by Robert L. Stultz, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. B E Aerospace, Inc., by Katherine H. Arritt, its attorney, filed a timely response.

The issue on appeal is whether Mr. Hollington should be granted temporary total disability benefits. The claims administrator denied physical therapy and temporary total disability benefits in two decisions dated August 31, 2015. The claims administrator also denied a lumbar MRI, Flexeril, and a differential hip injection on December 14, 2015.[1] The Office of Judges affirmed the decisions in its March 25, 2016, Order. The Order was affirmed by the Board of Review on August 2, 2016. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Hollington, a truck driver, was injured in the course of his employment on April 28, 2014, in a motor vehicle accident. Treatment notes dated May 12, 2014, by Benjamin Moorehead, M.D., indicate Mr. Hollington was treated for a work injury. He reported pain in his left hip and a burning sensation in the thigh. Driving long distances caused increased his hip

---

[1] This decision is not on appeal before this Court.

1

pain. The impression was left hip/pelvic strain involving the left SI joint. Dr. Moorehead referred Mr. Hollington for physical therapy.

From May 14, 2014, through June 20, 2014, Mr. Hollington received physical therapy from Dynamic Physical Therapy. He initially presented with symptoms consistent with sacroiliac dysfunction and thoracic sprain/strain following a work-related motor vehicle accident. The diagnoses were listed as pain in pelvic region and thigh, osteitis condensans, and sprain of the sacroiliac region. The claim was held compensable for abrasions to the bilateral knees and a closed head injury. Mr. Hollington was not eligible for temporary total disability benefits as he was disabled for less than three days.

On September 11, 2014, Mr. Hollington testified in a deposition that he was driving a truck, took a turn too fast, and flipped the truck. He had pain in the left side of his body including the shoulder, ribs, and hip. He stated that he was improving with treatment but treatment was then stopped. Since therapy ended, he has experienced increased pain in his ribs and a burning sensation from his lower back to his left hip. John Lewis stated in an affidavit on December 18, 2014, that he is the Accommodations Manager for B E Aerospace, Inc. He stated that he spoke with Mr. Hollington several times and requested an out of work note from a physician. Mr. Hollington hds not contacted Mr. Lewis or anyone else with the employer regarding returning to work.

On August 21, 2014, the claims administrator denied a request to add lumbar sprain and hip sprain to the claim. On June 12, 2015, the Office of Judges modified the claims adminstrator's June 4, 2014, decision and granted temporary total disability benefits from May 12, 2014, through June 22, 2014. It also reversed the claims administrator's August 21, 2014, decision and accepted hip sprain as a compensable component of the claim. It also authorized a left hip MRI.

Mr. Hollington completed a reopening form for temporary total disability benefits on July 2, 2015. Dr. Moorehead listed the diagnosis as left hip sprain with pain and burning over the hip and thigh. He recommended an MRI and physical therapy. Mr. Hollington could return to work for sedentary work only. Dr. Moorehead then stated that he was temporarily and totally disabled from April 28, 2014, until August 31, 2015. A treatment note by Dr. Moorehead dated July 29, 2015, indicates Mr. Hollington had continued symptoms with no significant improvement. He diagnosed left hip and pelvic sprain/strain and requested physical therapy and an MRI arthrogram of the left hip. Mr. Hollington was temporarily and totally disabled through the end of August.

On July 31, 2015, Sushil Sethi, M.D., opined in an independent medical evaluation that Mr. Hollington has had more than sufficient physical therapy. He stated that Dr. Moorehead did not provide any examination findings and there were no specific objective physical findings that would require physical therapy. On examination, Dr. Sethi found no residuals from the compensable injury that would require physical therapy. There were also no new and distinct findings that would require temporary total disability from June 22, 2014, through August 31, 2015. The compensable conditions would have resolved prior to June 22, 2014. Dr. Sethi

determined Mr. Hollington had reached maximum medical improvement and assessed 3% impairment.

Dr. Moorehead stated in a September 3, 2015, letter that Mr. Hollington remained unable to work pending the approval of an MRI and physical therapy. On January 11, 2016, Dr. Moorehead completed an attending physician's form stating that Mr. Hollington was not at maximum medical improvement. His estimated period of disability was from April 28, 2014, through July 1, 2016.

The claims administrator denied a request for physical therapy on August 31, 2015. In a separate decision on the same day, the claims administrator also denied temporary total disability benefits. On December 14, 2015, the claims administrator denied a lumbar MRI, the medication Flexeril, and a differential hip injection. The Office of Judges affirmed all three decisions in its March 25, 2016, Order.

The Office of Judges found that, per Dr. Sethi's independent medical evaluation, Mr. Hollington was at maximum medical improvement as of July 31, 2015. The Office of Judges further determined that the lumbar spine is not a compensable condition in this claim. The issue was previously before the Office of Judges on June 12, 2015, when it affirmed a denial of the addition of lumbar sprain to the claim. The Office of Judges next found that the December 14, 2015, claims administrator's decision denying a lumbar MRI, Flexeril, and differential hip injection is based on a December 4, 2015, request from West Virginia Medicine. The request is not part of the record, nor are there any reports or treatment notes from Dr. Moorehead corresponding with that date. The Office of Judges therefore found that there is insufficient evidence to support a reversal of the claims administrator's denial.

The Office of Judges found that the claims administrator's denial of temporary total disability benefits was based on Dr. Sethi's independent medical evaluation, which found Mr. Hollington to be at maximum medical improvement. Also, the requested period of temporary total disability is outside of the appropriate period of disability for the allowed conditions. The Office of Judges found it significant that there are no treatment notes or medical reports indicating a physical examination of Mr. Hollington from Dr. Moorehead, or any other provider, for almost a year prior to the July 2, 2015, request for temporary total disability. Though Dr. Moorehead completed a reopening application on July 2, 2015, it is not clear that the claim was even closed at that time. The Office of Judges further found that the date of examination on which the reopening application was based is July 10, 2014. Dr. Moorehead signed the application on July 2, 2015, nearly a year later. Dr. Moorehead's treatment note from July 2, 2015 states that Mr. Hollington was just there to have forms filled out and does not indicate that there was a physical examination. At that time, Dr. Moorehead, again with no physical examination for a year, also requested physical therapy and an MRI. The Office of Judges determined that Dr. Sethi performed an independent medical evaluation which found that Mr. Hollington had received more than enough physical therapy and had reached maximum medical improvement for his compensable injury. Dr. Sethi's report was found to be credible. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on August 2, 2016.

After review, we agree with the reasoning of the Office of Judges and conclusions of the Board of Review. Dr. Moorehead's requests for temporary total disability benefits and physical therapy were based on an examination performed a year prior. Dr. Sethi performed an independent medical evaluation shortly after Dr. Moorehead's request for treatment and temporary total disability benefits and found that he had reached maximum medical improvement and needed no further treatment. Dr. Sethi's report is found to be credible and reliable.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: August 2, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Elizabeth D. Walker

**DISSENTING:**
Justice Menis E. Ketchum